UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

WESLEY WANG,

        Defendant.

- - - - - - - - - - - - - - - - x

INFORMATION

12 CRIM 541

## COUNT ONE

(Conspiracy to Commit Securities Fraud)

The United States Attorney charges:

### Relevant Entities and Individuals

1. From in or about 2005 to 2008, WESLEY WANG, the defendant, was employed as a consultant for a hedge fund ("Hedge Fund A") with offices in New York, New York.

2. At all times relevant to this Information, a co-conspirator not named as a defendant herein ("CC-1"), was both the President of an investment advisory firm located in California and principal portfolio manager of a private partnership that invested in the securities of various technology companies.

3. At all times relevant to this Information, a co-conspirator not named as a defendant herein ("CC-2"), was a managing director at another hedge fund, also with offices in New York, New York.

4. At all times relevant to this Information,

Polycom, a communications company, was a publicly traded company whose stock traded on the Nasdaq Stock Market under the ticker symbol "PLCM." Further, at all times relevant to this Information, Polycom's policies prohibited the unauthorized disclosure of Polycom's material non-public information.

5.  At all times relevant to this Information, Cisco Systems Inc. ("Cisco"), a networking, communications, and information technology company, was a publicly traded company whose stock traded on the Nasdaq Stock Market under the ticker symbol "CSCO." Further, at all times relevant to this Information, Cisco's policies prohibited the unauthorized disclosure of Cisco's material non-public information.

6.  At all times relevant to this Information, Marvell Technology ("Marvell"), a semiconductor company, was a publicly traded company whose stock traded on the Nasdaq Stock Market under the ticker symbol "MRVL." Further, at all times relevant to this Information, Marvell's policies prohibited the unauthorized disclosure of Marvell's material non-public information.

### The Insider Trading Scheme

7.  From at least in or about 2005 through in or about January 2009, WESLEY WANG, the defendant, along with CC-1, CC-2, and others known and unknown, conspired to engage in insider trading. In furtherance of the conspiracy, WANG, CC-1, and CC-2,

participated in a scheme to defraud by sharing material, nonpublic information regarding certain public companies' quarterly earnings and other material financial and business information (the "Inside Information") for the purpose of executing securities trades based in whole or in part on such information.

8.   WESLEY WANG, the defendant, CC-1, and CC-2, obtained the Inside Information directly and indirectly from employees of certain publicly-traded companies who had disclosed the Inside Information in violation of duties of trust and confidence. WANG, CC-1, and CC-2 then exchanged with each other the Inside Information, and, at times, WANG provided that information to others at Hedge Fund A, with the expectation that those individuals would use the Inside Information to execute securities transactions.

9.   For example, as part of the scheme, WESLEY WANG, the defendant, provided Inside Information to CC-1 and CC-2 regarding, among other companies, Cisco (the "Cisco Inside Information"). WANG obtained the Cisco Inside Information from a Cisco employee (the "Employee") who had disclosed such information in violation of duties of trust and confidence that the Employee owed to Cisco.

10.  In exchange for the Cisco Inside Information, CC-1 and CC-2 each provided Inside Information to WESLEY WANG, the

3

defendant. CC-1, for his part, provided Inside Information regarding, among other companies, Polycom and Marvell (the "Polycom and Marvell Inside Information"). The Polycom and Marvell Inside Information CC-1 provided WANG had been disclosed by others in violation of duties of trust and confidence owed to Polycom and Marvell. CC-2, for his part, provided Inside Information to WANG regarding, among other companies, Polycom. The Polycom Inside Information CC-2 provided to WANG had been disclosed by others in violation of duties of trust and confidence owed to Polycom.

11.   As further part of the scheme, WESLEY WANG, the defendant, provided the Inside Information he received from CC-1 and CC-2, including the Polycom and Marvell Inside Information, and the Cisco Inside Information, to others at Hedge Fund A, with the expectation that those individuals would use the Inside Information to execute securities transactions. In exchange for the consulting services WANG provided to Hedge Fund A between 2005 and 2008, WANG was paid over $1.5 million.

### The Conspiracy

12.   From at least in or about 2005 through in or about January 2009, in the Southern District of New York and elsewhere, WESLEY WANG, the defendant, CC-1, and CC-2, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit

4

offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Object of the Conspiracy

### Securities Fraud

13.  It was a part and an object of the conspiracy that WESLEY WANG, the defendant, CC-1, CC-2, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Means and Methods of the Conspiracy

14.  Among the means and methods by which WESLEY WANG, the defendant, CC-1, CC-2, and their co-conspirators, would and did carry out the conspiracy were the following:

   a.  WANG, CC-1, and CC-2 obtained Inside Information, including the Cisco, Marvell, and Polycom Inside Information, directly and indirectly, from employees of those companies who disclosed the Inside Information in violation of duties of trust and confidence.

   b.  WANG, CC-1, and CC-2 shared this Inside Information with one another.

   c.  WANG provided this Inside Information to others at Hedge Fund A, with the expectation that they would use this Inside Information to execute securities transactions.

### Overt Acts

15.  In furtherance of the conspiracy, and to effect the illegal object thereof, WESLEY WANG, the defendant, CC-1, and CC-2, and their coconspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a.  On October 30, 2008, WANG sent an e-mail to CC-1 concerning Polycom.

   b.  On various occasions in the fall of 2008, WANG sent e-mails to employees of Hedge Fund A, who worked in New

York, New York, regarding Polycom and Cisco.

       c.    On or about January 5, 2009, CC-1 spoke by telephone with WANG about Cisco and Polycom.

(Title 18, United States Code, Section 371.)

### COUNT TWO

(Conspiracy to Commit Securities Fraud)

The United States Attorney further charges:

### Relevant Entities and Individuals

16.    From in or about 2002 to in or about 2005, WESLEY WANG, the defendant, was employed at a hedge fund with offices in New York, New York ("Hedge Fund B").

17.    At all time relevant to this Information, a co-conspirator not named as a defendant herein ("CC-3") worked at Hedge Fund B, in New York, New York.

### The Insider Trading Scheme

18.    From at least in or about 2002 through in or about 2005, WESLEY WANG, the defendant, CC-3, and others known and unknown, conspired to engage in insider trading. In furtherance of the conspiracy, WANG and CC-3 participated in a scheme to defraud by executing securities trades based in whole or in part on material, nonpublic information ("Inside Information") that had been disclosed in violation of duties of trust and confidence.

19.    As part of the scheme, WESLEY WANG, the defendant,

obtained Inside Information about several publicly-traded companies, directly and indirectly, from a variety of sources that worked inside those companies. After obtaining the Inside Information, and in the course of his employment at Hedge Fund B, WANG provided it to CC-3 and others, so that CC-3 and others could use the Inside Information to execute securities transactions.

### The Conspiracy

20. From at least in or about 2002 through in or about 2005, in the Southern District of New York and elsewhere, WESLEY WANG, the defendant, CC-3, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Object of the Conspiracy

### Securities Fraud

21. It was a part and an object of the conspiracy that WESLEY WANG, the defendant, CC-3, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the

purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Means and Methods of the Conspiracy

22. Among the means and methods by which WESLEY WANG, the defendant, and CC-3, would and did carry out the conspiracy were the following:

   a. WANG, during the course of his employment at Hedge Fund B, obtained Inside Information about several publicly-traded companies from a variety of sources that worked inside those companies.

   b. WANG provided the Inside Information to CC-3 so that CC-3 could execute securities transactions based in whole or in part on such information.

### Overt Acts

23.   In furtherance of the conspiracy, and to effect the illegal object thereof, WESLEY WANG, the defendant, CC-3, and their co-conspirators committed the following overt act, among others, in the Southern District of New York and elsewhere:

  a.   In 2004, WANG, who was in California, provided Inside Information to CC-3, who was in New York, New York, by telephone and email.

(Title 18, United States Code, Section 371.)

### FORFEITURE ALLEGATION

24.   As a result of committing the foregoing securities fraud offenses alleged in Counts One and Two of this Information, WESLEY WANG, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses, including but not limited to a sum of money in United States currency which was derived from proceeds traceable to the commission of the securities fraud offenses.

### Substitute Assets Provision

25.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a.   cannot be located upon the exercise of due

diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 28, United States Code, Section 2461; Title 18, United States Code, Sections 371 and 2; Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.)

*Preet Bharara*
PREET BHARARA (MPB)
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

WESLEY WANG,

Defendant.

## INFORMATION

12 Cr.

(18 U.S.C. § 371)

PREET BHARARA
United States Attorney.

7/13/12 - Filed Information.
AL · Filed Waiver of Indictment.
Judge Gorenstein
U.S.M.J.